IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALEXANDER, | : | |
| Petitioner, | : | 1:14-cv-2302 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent. | : | |

# MEMORANDUM

### April 7, 2015

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On December 4, 2014, Petitioner, Craig Alexander, an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that his due process rights were violated during the course of a prison disciplinary hearing held at the United States Penitentiary in Beaumont, Texas, where he was charged with the prohibited acts of refusing to obey an order and failing to work as instructed. (*Id.*).

The Court directed service of the petition on December 18, 2014 and directed Respondent to file a response. (Doc. 6). On January 8, 2015, Respondent filed a response and supporting exhibits. (Doc. 10). Petitioner subsequently filed a traverse and exhibits. (Docs. 13, 14). Accordingly, the petition is ripe for

disposition. For the reasons set forth herein, the petition will be dismissed for failure to state a cognizable habeas corpus claim.

I.     **FACTUAL BACKGROUND**

Petitioner states that on December 19, 2012, he was charged in Incident Report Number 2386198, with refusing to obey an order and failing to work as instructed, violations of Codes 307 and 311. (Docs. 1-1, 1-2; Doc. 10-1, Ex. 1, Attach. B, Inmate Discipline Data Chronological Disciplinary Record).

On December 19, 2012, Petitioner appeared before the Unit Discipline Committee, ("UDC"). (Doc. 10-1, Ex. 1 at ¶ 4, Declaration of L. Cunningham Doc. 10-1, Ex. 1, Attach. B, pp. 27-28, Inmate Discipline Data Chronological Disciplinary Record). Following a hearing, the UDC determined that Petitioner had committed the prohibited acts of refusing to obey an order and failing to work as instructed. (*Id.*). Petitioner was sanctioned to thirty (30) days loss of email and telephone privileges for the Code 307 violation, and thirty (30) days loss of commissary privileges for the Code 311 violation. (*Id.*). The UDC did not refer the charges to a Discipline Hearing Officer for additional proceedings, and Petitioner did not lose any good conduct time as a result of the misconducts. (Doc. 10-1, Ex. 1 at ¶ 4, Declaration of L. Cunningham).

Petitioner appealed the finding of the UDC to the Regional level, and his

appeal was rejected. (Doc. 10-1, Ex. 1 at ¶ 10; Doc. 10-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 15). Petitioner was advised that his administrative request was untimely and that UDC appeals must first be filed at the institution level. (*Id.*). Petitioner then appealed this rejection to the Central Office, and the request was similarly rejected as untimely and filed at the wrong level. (Doc. 10-1, Ex. 1 at ¶ 10; Doc. 10-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 20).

## II. DISCUSSION

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* Petitioner, however, fails to make a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that are protected by the Due Process Clause. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss

of good conduct time). To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the instant action, Petitioner does not allege he lost any good-time credits. His Disciplinary Record confirms that he did not lose any good-time conduct. Rather, his disciplinary infractions resulted only in a temporary loss of email, telephone, and commissary privileges, which do not implicate protected liberty interests as they did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. *See, e.g.*, *Gonzelez v. Zickenfoose*, 2014 WL 257850, at *2 (M.D. Pa. 2014) (the temporary loss of commissary, visitation and email privileges do not "implicate a protected liberty interest as they do not result in any atypical or significant hardships in relation to the ordinary incidents of prison life"); *Santos v. Bureau of Prisons*, 2006 WL 709509, at *2 (M.D. Pa. 2006) (loss of commissary and telephone privileges for thirty (30) days does not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Moreover, while the Unit Discipline

Committee can impose a variety of sanctions, the UDC cannot sanction an inmate to loss of good conduct time. *See* 28 C.F.R. § 541.7(f) ("the UDC can impose any of the available sanctions listed in Tables 1 and 2, except loss of good conduct sentence credit, disciplinary segregation, or monetary fines")

In his traverse, Petitioner challenges the sufficiency of the evidence to find him guilty of the charges of refusing to obey an order and failing to work as instructed. (Doc. 13, pp. 3-4). Based upon the alleged due process violations, Petitioner asserts that this Court should grant his petition, expunge the incident report, and restore all privileges lost in connection with the misconducts. (Doc. 1, p. 8; Doc. 13, p. 5). However, where Petitioner was not sanctioned with a loss of good conduct time, but instead was sanctioned with temporary loss of email, telephone, and commissary privileges, no liberty interest was implicated, and thus he has no basis to assert these alleged violations of his due process rights through a habeas corpus petition. *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 Fed. Appx. 172 (3d Cir. 2007). Thus, the petition for writ of habeas corpus will be dismissed.

A separate Order will be issued.